MAY 19 2008

**RECEIVED**

MAY 1 9 2008  MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Javier P. Bailey

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08CV2894
JUDGE SHADUR
MAGISTRATE JUDGE VALDEZ

vs.

Rita A. Fry

Louis Caprio

Edwin A. Burnette

Rodney Carr

Toya Harvey

Patrick McKeigue, et.al.

(Enter above the full name of ALL
defendants in this action. <u>Do not
use "et al."</u>)

Case No:_____
(To be supplied by the <u>Clerk of this Court</u>)

**CHECK ONE ONLY:**

✓_____  **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

I. **Plaintiff(s):**

A. Name: Javier P. Bailey

B. Date of Birth: 27 January 1974

C List all aliases: None

D. Prisoner identification number: K52482

E. Place of present confinement: Lawrence C.C.

F. Address: R.R.#2 P.O. Box 31 Sumner Il. 62466

(If there is more than one plaintiff, then each plaintiff must list his or her name, date of birth, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Rita A. Fry, ▓▓▓▓▓

Title: Public Defender, Attorney for Illinois

Place of Employment: 16501 S. Kedzie, Markham Il. 60426

B. Defendant: Louis Caprio, Assistant

Title: Public Defender, Attorney For Illinois

Place of Employment: 16501 S. Kedzie, Markham Il. 60426

C. Defendant: Edwin A. Burnette, ▓▓▓▓▓

Title: Public Defender, Attorney for Illinois

Place of Employment: 16501 S. Kedzie, Markham Il. 60426

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 5/2007

D. Rodney Carr, Assistant
Public Defender, Attorney For Illinois
16501 S. Kedzie, Markham Il. 60426

E. Toya Harvey, Assistant
Public Defender, Attorney For Illinois
16501 S. Kedzie, Markham Il. 60426

F. Connie LaFayette, Assistant
Public Defender, Attorney For Illinois
16501 S. Kedzie, Markham Il. 60426

G. Patrick McKeigue, Assistant
Public Defender, Attorney For Illinois
16501 S. Kedzie, Markham Il. 60426

H. Johnathan Krieger, Assistant
Public Defender, Appellate Attorney For Illinois
16501 S. Kedzie, Markham Il. 60426
69 W. Washington - 15th Flr.
Chicago Il. 60602

I. Elyse K. Miller, Assistant
Public Defender, Appellate Attorney For Illinois
16501 S. Kedzie, Markham Il. 60426
69 W. Washington - 15th Flr.
Chicago Il. 60602

2A

Bailey V. Janiga, et.al.  07-C-4968

September 2007

Bailey

Robert Janiga, Robert Morrison, et.al.

Northern District of Illinois

John W. Darrah, Judge presiding

Filing Fraudulent Documents transfering into a Conviction

Strike 2 - Found Frivolous

November 2007


A. DeMar-Bailey V. Ryker  07-C-1759

B. March 2007

C. ~~N/A~~ DeMar-Bailey

D. ~~DeMar-Bailey~~ Kenneth Bartley and Lee Ryker

E. Northern District of Illinois

F. Conlon, Judge

G. Habeas Petition § 2254; Void Conviction

H. ~~Pending~~ Dismissed without prejudice

I. ~~Pending~~ Dismissed without prejudice, July 2007

A. DeMar-Bailey VS L.G.B. Communications 05-C-4598

B. August 2005

C. DeMar-Bailey

D. Theresa Tucker and Calvin Lockhart

E. Northern District of Illinois

F. Gottschall, Judge

G. Abridged Contracts

H. Dismissed / with Strike imposed

I. November 2005

A. DeMar-Bailey V. People of the State of Illinois et al.
   05-C-4298
B. August 2005

C. DeMar-Bailey

D. People of the State of Illinois et al.

E. Northern District of Illinois

F. Conlon, Judge

G. Constitutional violations

H. Dismissed without prejudice

I. November 2005

A. Bailey v. Micheal Sheahan 02-C-7226

B. November 2002

C. Bailey

D. Micheal Sheahan et al.

E. Northern District of Illinois

F. Plunkett, Judge

G. Prison/Jail Conditions

H. Settlement

I. May 2004

A. BAILEY V. SHEAHAN    02-C-2232

B. MAY 2002

C. BAILEY

D. ROBERT JANIGA, ROBERT MORRISON, et.al.

E. NORTHERN DISTRICT OF ILLINOIS

F. KENNELLY, JUDGE PRESIDING

G. CONSTITUTIONAL VIOLATION OF 48 HOURS

H. SETTLEMENT

I. MAY 2003

**IV.     Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe precisely how each defendant is involved.  Include also the names of other persons involved, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

This is a Complaint for Injunctive Relief and Damages Brought under 42 U.S.C. § 1983, in connection with the "ineffective assistance of counsel" against the defenses of the Plaintiff Javier Bailey, a prisoner at Lawrence State Prison, by defendants Rita A. Fry and Edwin A. Burnette, Public Defenders, and their employees, Louis Caprio, Rodney Carr, Toya Harvey, Connie LaFayette, Patrick McKeigue, Elyse K. Miller, and Johnathan Krieger, Assistant Public Defenders. The ineffective assistance of counsel against the defenses of the Plaintiff was a violation of his constitutional rights, under the Sixth Amendment — to have **EFFECTIVE** assistance of counsel for his defense, and the Due Process Clause of the Fourteenth Amendment, of the United States Constitution; and also, Article One § Two, and Article One § Eight of the Illinois Constitution of 1970; and the Statutory Provision of § Five: One of the Illinois Criminal Practice and Procedure, **COMMANDING** counsel to carefully check documents. This case is brought pursuant to 42 U.S.C. § 1983 because the Plaintiffs Constitutional rights were violated by the above individuals acting under color of state law. Jurisdiction is based upon 28 U.S.C. § 1331 and 1343. The court also has supplemental jurisdiction over the state claims.

4

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

The named and cited Defendants, on Page 2 and 2-A of this Complaint, who Represented the Plaintiff, Directly or Indirectly, Between 19 December 2000 to 02 November 2007, who [All] work for the Public Defenders Office for the State of Illinois, who Represented the Plaintiff as His Attorney(s) for Criminal Charges in the Markham Court House, were very ineffective counsel's, which, given the following evidence, will show that these ▮▮▮▮ Attorneys, et al., of the Public Defenders Office were acting (or not acting) "prejudicially" on many different levels and issues.

The United States Constitution, The Constitution of the State of Illinois of 1970, and the Statutory provision, calls for every Attorney Representing a Defendant, to be objective and reasonable. Illinois Criminal Practice & Procedure state that : "The Defense Counsel [must] carefully check the document to see if there are any defects which could result in a dismissal of the charge." These licensed Illinois State Bar Attorneys, refused to do the

Revised 5/2007

VERY BASIC OF THEIR JOB, BY ONLY HAVING TO REVIEW THE CHARGING DOCUMENT SET BEFORE THEM BY THE STATE. On the True Bill of Indictment, APPEARS [only one] (Roberti Janiga) NAME AS A WITNESS CALLED BEFORE A Grand Jury, WHO [ACTUALLY NEVER] TESTIFIED. Grand Jury No. 626, THE TRANSCRIPTS FOR THAT TESTIMONY, REVEAL AND LISTED, [ONLY ONE] WITNESS (Phil Santefort), WHO ACTUALLY TESTIFIED, FRAUDULENTLY, AND IS NOT THE SAME WITNESS ON THE TRUE BILL. (SEE EXHIBIT A)

Book 21A OF THE Illinois Law & Practice AT § 15- NAMES AND WITNESSES STATE: "By VIRTUE OF STATUTE, WHEN A Grand Jury FIND A BILL OF Indictment TO BE SUPPORTED BY GOOD AND SUFFICIENT EVIDENCE AND RETURNS A True Bill INTO COURT, THE FOREMAN OF SUCH Grand Jury IS REQUIRED TO NOTE THEREON THE NAME OR NAMES OF WITNESSES ON WHOSE EVIDENCE THE SAME SHALL HAVE BEEN FOUND. This REQUIREMENT OF THE STATUTE IS MANDATORY AND IS FOR THE ACCUSED INFORMATION. While NON-COMP- liance IS AN IRREGULARITY WHICH MAY BE WAIVED BY THE ACCUSED, [THE OMISSION OF THE INDORSEMENT IS FATAL TO THE INDICTMENT][IF] OBJECTION IS APPROPRIATELY INTERPOSED IN APT TIME." (SEE EXHIBIT B) This DUTY WAS EXTREMELY BASIC IN NATURE, AND IN ACTION. This WAS NOT AN EXTENSIVE INVESTIGATION THAT REQUIRED HOURS OF STUDY OR PHYSICAL FOOT WORK. IT ONLY REQUIRED THESE DEFENDANTS/ATTORNEYS TO SIMPLY look AT WHAT WAS PROVIDED TO THEM BY THE State, WHICH

Revised 5/2007

They Did not do. Every indictment charged Against the Plaintiff, including, but not limited to, indictment no. 00-CR-28590 via Grand Jury No. 626, should have been unequivocally dismissed, way before it got started. Also, made Apart of the record is a (promise) statement by these Attorneys to review all information(s) provided by the State, which again, is obvious They did not do. (See Exhibit C)

"An Attorney rather clearly has a Duty to familiarize Himself with the Discovery Materials provided by the State. Because counsel failed in this regard here, His behavior was not objectively reasonable under Strictland." Williams Vs. Washington 59 F 3d 673 (7th Cir 1995) See Also, Strictland Vs. Washington 466 U.S 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

Submitted to the Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois, In case no. 02-CI-465, Against Louis Caprio, the Plaintiff made out an extensive complaint, which included the fact that the Plaintiff asked Caprio to Allow Him to view and Go over Documents with Caprio. As a matter of fact, The Plaintiff asked every Attorney representing him,

To Allow him to view every Document with them, but was denied that request, because of some legal obligation that prevented them to Allow their clients to view or Review their own charges/paperwork against them. It wasn't until late October 2007 when the Plaintiff had a verbal confrontation over the phone with Appellate Attorney Assistant Public Defender Elyse Krug Miller, that the Plaintiff was finally allowed to view specific documents that proved his indictment ( No. 00-CR- 28590 ) to be fatally flawed, which was questioned by Plaintiff to every Public Defender. (See Exhibit D )

The Plaintiff contends that he is guaranteed the right to effective counsel. The Public Defenders office of the State of Illinois and each Attorney named individually, and collectively for the State of Illinois Public Defenders office has shown against the Plaintiff:

1. Ineffective Assistance of Counsel
2. Racial Discrimination
3. Legal Discrimination .
4. Defamation of Character / Reputation
5. False Representation / Mis Representation
6. Negligent Representation / Deliberate Indifference

7. Incompetent Compromising of Defenses

8. Compulsion to an Unitelligent Plea Agreement

9. Compelling to an Unintelligent Plea Agreement

10. Public Humiliation

11. Mental Anguish

12. Emotional Anguish

These Actions or Non-Actions Shown Against the Plaintiffs Defenses were Malicious And Wicked In Nature. They violate the Plaintiffs Right to Article Amendment 6 (Six) of the United States Constitution, And Article 1 (one) $8(eight) of the Illinois Constitution of 1970, And other Statutory provisions Setforth, And That, Has Been Well-Setteled.

(The Actions of each Defendant, until the confrontation Between Plaintiff And Defendant Miller In October 2007, Created An uncontrolable legal Disability Where Plaintiff Has Been Delayed From Bringing An Action Within Proper Time limits.)

EXHIBIT   A

J. No. 626
NERAL NO. 00 CR- 28590

```
------------------------------
RCUIT COURT OF COOK COUNTY
   COUNTY DEPARTMENT
   CRIMINAL DIVISION
     November, 2000
------------------------------
```

The People of the State of
          Illinois
           v.
     Javier Bailey

```
*******************
* INDICTMENT FOR *
*******************
```

GG. CRIMINAL SEX ASSAULT
-------------------------------

     A TRUE BILL
     -----------

        *Donald Finox*

Foreman of the Grand Jury

```
==========================
     WITNESSES
ET. R. JANIGA
```
_____
_____
_____
_____
_____
_____
```
==========================
iled  12 -5  , 20 00
   *Dorothy Brown* , Clerk
ail $            *$D*
==========================
```

ORIGINAL
FILE COPY
DO NOT REMOVE

0000082.0133

2000

CC00008

1    IN RE:   PEOPLE VS. JAVIER P. BAILEY

2

3    *TRANSCRIPTS*
     *S-100*

4    *S-135 (LAST PARAGRAPH)*                GJ:    626

5    *S-58,59*                           00 CR 28590

6                                        6TH DISTRICT

7

8              BEFORE THE GRAND JURY OF COOK COUNTY

9                      NOVEMBER, 2000

10             TRANSCRIPT OF TESTIMONY TAKEN IN

11     THE ABOVE-ENTITLED MATTER ON THE 28TH DAY OF

12     NOVEMBER, 2000.

13             PRESENT: MR. DAN TSATAROS,

14             ASSISTANT STATE'S ATTORNEY

15     REPORTED BY:  DONNA J. O'CONNOR

16                      CERTIFIED SHORTHAND REPORTER

17                      ILL. LICENSE NO. 084-003579

18

19     LIST OF WITNESSES:

20     SGT. SANTEFORT  --  *? WHO!?*

21

22

23

24

1          THE FOREPERSON:   Would you raise your right hand,

2     please?

3                    (Witness duly sworn.)

4          MR. TSATAROS:   We are seeking a True Bill of

5     indictment against the defendant, Javier Bailey, for the

6     offenses of aggravated criminal sexual assault,

7     residential burglary, home invasion, aggravated unlawful

8     restraint, and unlawful restraint committed against Bobby

9     Granger on or about August 4, 2000 at 602 Sibley,

10    Apartment 1-W in Calumet City, Cook County, Illinois.

11         The Grand Jury number is November 626.  At this

12    time I will be calling Sergeant Santefort.

13         The Grand Jury does have the right to subpoena and

14    question any person against whom the State's Attorney is

15    seeking a Bill of Indictment, or any other person, and to

16    obtain and examine any documents or transcripts relevant

17    to the matter being prosecuted by the State's Attorney.

18                    DETECTIVE SANTEFORT,

19    having been first duly sworn, was examined and testified

20    as follows:

21                    EXAMINATION BY

22                    MR. TSATAROS:

23         Q.   Will you state your name, Star Number and unit of

24    assignment?

1          A.   Sergeant Phil Santefort, S-a-n-t-e-f-o-r-t. I am

2    a detective with the Calumet City Police Department.

3          Q.   Have you been sworn?

4          A.   Yes.

5          Q.   Sergeant, were you assigned to investigate the

6    aggravated criminal sexual assault, residential burglary,

7    home invasion, aggravated unlawful restraint and unlawful

8    restraint that was committed by Javier Bailey upon Bobby

9    Granger on August 4, 2000 near 602 Sibley in Calumet City,

10   Apartment 1W, Cook County, Illinois?

11         A.   Yes.

12         Q.   Did your investigation reveal that Javaier Bailey

13   crawled through a window into Bobby Granger's apartment?

14         A.   Yes, sir.

15         Q.   And once inside that apartment, what did your

16   investigation reveal that Javier Bailey did to Bobby

17   Granger?

18         A.   Javier Bailey pointed a metal object in the

19   direction of Bobby Granger and ordered her to remove her

20   shorts.

21         Q.   And Bobby Granger believed that this metal object

22   was a gun; is that correct?

23         A.   Yes, sir.

24         Q.   Did your investigation also reveal that by the

4

1          use of force, Javier Bailey made contact between his penis

2          and Bobby Granger's vagina?

3              A.   Yes.

4              Q.   Did this all happen in Cook County?

5              A.   Yes, it did.

6              MR. TSATAROS:   Thank you, Officer.   I have nothing

7          further.

8                   Are there any questions?

9                           (No response.)

10                          (Witness excused.)

11                  (Whereupon, the Grand Jury

12                  was left alone to deliberate

13                   after which the following

14                   proceedings were had.)

15          THE FOREPERSON:   True Bill.

16                  (Whereupon, the above-entitled

17                  cause was continued for

18                  arraignment before the Presiding

19                  Judge.)

20

21

22

23

24

1    STATE OF ILLINOIS )

2                     ) SS:

3    COUNTY OF C O O K )

4

5

6              I, DONNA J. O'CONNOR, a Certified

7    Shorthand Reporter licensed to practice in the

8    State of Illinois, do hereby certify that I

9    reported in shorthand the proceedings had in the

10   hearing of the above entitled cause; that I

11   thereafter caused the foregoing to be transcribed

12   into typewriting, which I hereby certify is a true

13   and accurate transcript of the proceedings had

14   before the Grand Jury of Cook County.

15

16              _____

17              DONNA J. O'CONNOR, CSR

18

19

20

21

22

23

24

1     IN RE:  PEOPLE VS.  JAVIER PATRICK BAILEY

2

3

4                      GJ:    618

5                     00 CR 28585

6                     6TH DISTRICT

7

8          BEFORE THE GRAND JURY OF COOK COUNTY

9               NOVEMBER, 2000

10        TRANSCRIPT OF TESTIMONY TAKEN IN

11   THE ABOVE-ENTITLED MATTER ON THE 28TH DAY OF

12   NOVEMBER, 2000.

13       PRESENT: MR. DAN TSATAROS,

14         ASSISTANT STATE'S ATTORNEY

15     REPORTED BY:  DONNA J. O'CONNOR

16          CERTIFIED SHORTHAND REPORTER

17          ILL. LICENSE NO. 084-003579

18

19     LIST OF WITNESSES:

20     OFFICER SANTEFORT — ? Also ?

21

22

23

24

PSMV
00CR28585

1          IN RE:  PEOPLE VS. JAVIER P. BAILEY

2

3      *Transcripts*

4      *S-135*                        GJ:    625

5      *C-32.33*                      00 CR 28589

6                                     6TH DISTRICT

7

8              BEFORE THE GRAND JURY OF COOK COUNTY

9                      NOVEMBER, 2000

10              TRANSCRIPT OF TESTIMONY TAKEN IN

11      THE ABOVE-ENTITLED MATTER ON THE 28TH DAY OF

12      NOVEMBER, 2000.

13              PRESENT: MR. DAN TSATAROS,

14              ASSISTANT STATE'S ATTORNEY

15      REPORTED BY:  DONNA J. O'CONNOR

16                      CERTIFIED SHORTHAND REPORTER

17                      ILL. LICENSE NO. 084-003579

18

19      LIST OF WITNESSES:

20      DETECTIVE SANTEFORT —  *? WHO !?*

21

22

23

24

EXHIBIT B

*ILLINOIS CRIMINAL LAW (BOOK 5)*

## § 5:1 CRIMINAL PRACTICE AND PROCEDURE

Sec.
5:50 Checklist.
5:51 Complaint—Form.
5:52 Information—Form.
5:53 Indictment—Form.
5:54 Motion to Amend Charge—Form.
5:55 Motion to Dismiss Charge—Form.

**Westlaw Electronic Research**

See Westlaw Electronic Research Guide preceding the Summary of Contents.

## A. INTRODUCTION

### § 5:1 Charging a Defendant With a Crime

Before a defendant can begin his or her formal involvement with the criminal courts, there must be a document charging him or her with an offense.[1] In Illinois, the three methods of charging a defendant are by a complaint, an information or an indictment.[2] In order to constitute a proper charge, each of these documents must contain the required elements of the offense.[3] The charging document must set forth the name of the offense, the statutory provision alleged to have been violated, the nature of the elements of the offense charged, the date of the offense and the county of the offense as definitely as can be done, and the name of the accused, if known.[4]

Therefore, the complaint, information or indictment must be carefully scrutinized by the prosecutor for defects to make sure a proper charge has been brought against the defendant. The defense counsel must carefully check the document to see if there are any defects which could result in a dismissal of the charge.

**Library References**

West's Key No. Digests, Indictment and Information ⊕=1.

### § 5:2 Service of Charging Document on Defendant

Each defendant is entitled to a copy of the charge against him or her. However, he or she must make a motion for that document prior to trial. Otherwise, that right is waived.[1] If a defendant makes a motion to dismiss based upon the fact that he or she has not received a copy of the

§ 5:1
1. People v. Kies, 10 Ill.App.3d 620, 295
N.E.2d 100 (1973).
2. 725 ILCS 5/111-2.
3. 725 ILCS 5/111-3; People v. Kuseger,
138 Ill.App.3d 120, 93 Ill.Dec. 337, 486

§ 5:2
1. People v. Brooks, 75 Ill.App.3d 109,
31 Ill.Dec. 94, 394 N.E.2d 10 (1979); People
v. Kheam, 90 Ill.App.3d 53, 45 Ill.Dec. 3, 412
N.E.2d 39 (1980).

---

## § 5:6 COMMENCEMENT OF PROSECUTION

ticket, complaint, information or indictment, the assistant state's attorney may provide the deputy with a copy of the document for service upon the defendant. This will cure any defect in service. Failure to furnish a copy of an information is not a proper ground for a motion to quash said charge.[2]

**Library References**

C.J.S. Criminal Law § 445.
West's Key No. Digests, Criminal Law ⊕=297(2).

**§§ 5:3-5:4 are reserved for supplementary material.**

## B. TYPES OF CHARGING DOCUMENTS

### § 5:5 Complaints

A complaint is defined as a verified written statement other than an information, which charges the commission of an offense.[1] Thus, it must be sworn to and signed by a complainant. However, any objection to an unverified complaint is waived unless raised prior to trial or a plea of guilty.[2] The complaint must be someone who has direct knowledge of the facts of the case but need not be the actual victim of the crime.[3] The complaint may be verified before a notary public.[4]

All misdemeanors and petty offenses may be prosecuted by a complaint. However, while a felony charge may be started by a complaint, an information or indictment must be used once the proceedings go past the preliminary hearing or Grand Jury stage.[5] However, if the defendant does not object prior to trial by proceeding by complaint, he or she waives any error.[6]

**Library References**

C.J.S. Criminal Law §§ 334-335, 337.
West's Key No. Digests, Criminal Law ⊕=268.

### § 5:6 Uniform Traffic Citation

Most traffic cases are initiated by a citation issued on a Uniform

§ 5:5
1. 725 ILCS 5/102-9.
2. People v. Bradford, 62 Ill.2d 21, 338
N.E.2d 182 (1975), People v. Harding, 34
Ill.2d 475, 216 N.E.2d 147 (1966); People v.
Hoffman, 146 Ill.App.3d 823, 100 Ill.Dec.
388, 497 N.E.2d 366 (1986).
3. People v. Matoka, 1 Ill.App.3d 114,
273 N.E.2d 6 (1971).
4. People v. McDuffee, 299 Ill.App.3d
283, 233 Ill.Dec. 682, 701 N.E.2d 532 (1998)
(by proceeding to trial on traffic ticket, de-

fendant waived right to verified complaint);
People v. Krannery, 74 Ill.App.2d 291, 220
N.E.2d 241 (1966); Village of Willowbrook
v. Miller, 72 Ill.App.2d 30, 217 N.E.2d 599
(1966).
5. 725 ILCS 5/111-2(a).
6. 725 ILCS 5/111-2(a).
7. People v. Brooks, 75 Ill.App.3d 109,
31 Ill.Dec. 94, 394 N.E.2d 10 (1979); People
v. Kheam, 90 Ill.App.3d 53, 45 Ill.Dec. 3, 412
N.E.2d 93 (1980).

[DIRECT KNOWLEDGE]
STATEMENT MADE?
THE ALLEGED VICTIM HAS DIRECT KNOWLEDGE
THE DEFENDANT HAS DIRECT KNOWLEDGE
BUT NO MATTER WHAT STORY WAS CONVEYED TO THE OFFICER THE OFFICER DID NOT
HAVE DIRECT KNOWLEDGE... SAID LACKS DIRECT VISION A COMPLAINT — AN INFORMATION...

AN UNVERIFIED STATEMENT IS UNVERIFIED MAKING IT MERELY A PIECE OF PAPER

*Illinois Law and Practice*

## § 14    INDICTMENTS AND INFORMATIONS    Ch. 2

the offense is indorsed on the indictment it may be rejected as surplusage.⁹⁰

The validity of the indictment and the proceedings thereunder are not affected by the omission of such indorsement,⁹¹ or by a defect or mistake therein, or a variance from the offense charged in the body of the indictment.⁹²

## § 15.    ——    —— Names of Witnesses

By virtue of statute, the names of the witnesses on whose testimony an indictment is found should be indorsed on the indictment.

**Library References**

C.J.S. Indictments and Informations § 95. Indictment and Information ⇐34(4).

By virtue of statute, when a grand jury finds a bill of indictment to be supported by good and sufficient evidence and returns a true bill into court, the foreman of such grand jury is required to note thereon the name or names of the witnesses on whose evidence the same shall have been found.⁵³

90. People v. Yaman, 1961, 170 N.E. 2d 583, 20 Ill.2d 545.

51. People v. Duden, 1954, 119 N.E.2d 742, 3 Ill.2d 16
People v. Kuivenia, 1953, 112 N.E.2d 477, 415 Ill. 123 (accused may be convicted of any crime for which he is properly charged within body of indictment, even though it is not indorsed on face thereof).

52. People v. Wright, 1921, 129 N.E. 819, 296 Ill. 455.

56. Collins v. People, 1898, 50 Ill. 233.

**Indorsement of lesser offense**

Accused may be indicted and convicted of crime for which penalty is greater than penalty for crime in which defendant is charged.—People v. Mullenaux, 1953, 112 N.E.2d 477, 415 Ill. 123.

**Larceny**

Accused was not improperly charged in indictment with having received stolen property because printed indorsement on back of indictment read "indictment for burglary and larceny" where recourse to body of indictment showed such charge of which he was convicted. People v. Woodward, 1946, 69 N.E.2d 181, 394 Ill. 433, certiorari denied 67 S.Ct. 196, 329 U.S. 778, 91 L.Ed. 668, certiorari denied 67 S.Ct. 1758, 331 U.S. 862, 91 L.Ed. 1868.

53. S.H.A. ch. 78, § 17.

**Subsequent indorsement**

Court may permit names of witnesses to be indorsed on indictment after notice.—Kirkham v. People, 1897, 46 N.E. 465, 170 Ill. 9.

## Ch. 2    INDICTMENTS AND INFORMATIONS    § 15

This requirement of the statute is mandatory⁵⁴ and is for the accused's information.⁵⁵ While noncompliance is an irregularity which may be waived by the accused, the omission of the indorsement is fatal to the indictment if objection is appropriately interposed in apt time.⁵⁶

It is not necessary that the names of the witnesses be indorsed on the indictment in the handwriting of the foreman;⁵⁷ a grand jury foreman properly discharges his duty when he observes that the names of the witnesses are properly noted on the indictment, regardless of whether he writes the names or has it done.⁵⁸

Where a witness, called before the grand jury and sworn, refuses to testify, his name may be properly omitted.⁵⁹ Also, the fact that the indorsement contains the name of one who did not testify before the grand jury does not necessarily render the indictment bad.⁶⁰

The requirement that the names of witnesses be indorsed on an indictment, as affecting the prosecution of the case generally

54. People v. Kingsbury, 1933, 186 N.E. 470, 353 Ill. 11.
People v. Sindri, 1913, 102 N.E. 243, 259 Ill. 69.
People v. Haxton, 1917, 207 Ill.App. 584.

55. See Committee Comments, S.H.A. ch. 38, § 112-4.

56. People v. Haxton, 1917, 207 Ill. App. 584.

57. People v. Corder, 1922, 137 N.E. 845, 306 Ill. 264.

58. People v. Free, 1938, 20 N.E.2d 91, 371 Ill. 137, certiorari denied Petey v. People of State of Illinois, 60 S.Ct. 94, 308 U.S. 559, 84 L.Ed. 469.

59. Gilmore v. People, 1898, 87 Ill. App. 128

60. People v. Whitmer, 1938, 16 N.E. 2d 757, 369 Ill. 317, appeal dismissed Whitmer v. People of State of Illinois, 59 S.Ct. 360, 306 U.S. 578, 83 L.Ed. 363, rehearing denied 59 S.Ct. 461, 306 U.S. 707, 83 L.Ed. 1062, ... prosecution had forged and who testified at trial, did not appear before grand jury, as indorsement on indictment indicated, did not render indictment invalid in any way, where accused was well acquainted with witness).

filled. In case a jury is required in such court for trial of any cause, before the panel is filled in the manner herein provided, the court shall direct the sheriff to summon from the bystanders, or from the body of the county, a sufficient number of persons having the qualifications of jurors, as provided in this Act, to fill the panel in order that a jury to try such cause may be drawn therefrom, and when such jury is drawn, the persons selected from the bystanders or from the body of the county to fill the panel and not chosen on the jury, shall be discharged from the panel and those who are chosen to serve on such jury shall also be discharged from the panel at the conclusion of the trial: Provided, that persons selected from the bystanders, as provided in this section, shall not thereby be disqualified or exempt from service as jurors, when regularly drawn by the clerk for that purpose, in the manner provided in this Act.

Amended by P.A. 85-407, § 1, eff. Sept. 15, 1987.

**12a.    § 12a.    Repealed by P.A. 79-1358, § 5, eff. Oct. 1, 1976.**

**13.    When regular panel exhausted—Seeking to be juror or to get person on a jury—Fines**

§ 13.    When by reason of challenge in the selection of a jury for the trial of any cause, or by reason of the sudden sickness or absence of any juror for any cause, the regular panel is exhausted, the court may direct the sheriff to summon a sufficient number of persons having the qualifications of jurors to fill the panel for the pending trial, but upon objection by either party to the cause to the sheriff summoning a sufficient number of persons to fill the panel, the court shall appoint a special bailiff to summon such person: Provided, that same person shall not be appointed special bailiff more than once in sixty days. Any person who seeks the position of a juror, or who asks any attorney or other officer of the court or other person to secure his selection as a juryman, shall be deemed guilty of a contempt of court, and be fined not exceeding twenty dollars ($20), and shall thereby be disqualified from serving as a juror for sixty days thereafter, and such fact shall be sufficient ground for challenge. Any attorney or party to a suit pending for trial who shall request or solicit the placing of any person upon a jury, shall be deemed guilty of a contempt of the court and be fined not exceeding one hundred dollars ($100.00), and the person so sought to be put upon the jury shall be disqualified to serve as a juror for sixty days.

Amended by Laws 1933, p. 684, eff. Jan. 1, 1934.

**14.    Causes for challenge**

§ 14.    It shall be sufficient cause of challenge of a petit juror that he lacks any one of the qualifications mentioned in Section 2 of this Act; or if he is not one of the regular panel, that he has served as a juror on the trial of a cause in any court in the county within one year previous to the time of his being offered as a juror; or that he is a party to a suit pending for trial in that court. It shall be the duty of the court to discharge from the panel all jurors who do not possess the qualifications provided in this Act, as soon as the fact is discovered. If a person has served on a jury in a court within one year, he shall be exempt from again serving during such year, unless he waives such exemption. It shall not be a cause of challenge that a juror has read in the newspapers an account of the commission of the crime with which the prisoner is

charged, if such juror shall state on oath that he believes he can render an impartial verdict according to the law and the evidence. In the trial of any criminal cause, the fact that a person called as a juror has formed an opinion or impression, based upon rumor or upon newspaper statements (about the truth of which he has expressed no opinion,) shall not disqualify him to serve as a juror in such case, if he shall upon oath state that he believes he can fairly and impartially render a verdict therein, in accordance with the law and the evidence, and the court shall be satisfied of the truth of such statement.

Amended by Laws 1967, p. 3918, eff. Sept. 7, 1967.

**15.    Failure to appear—Penalty**

§ 15.    Every person who shall fail to attend when lawfully summoned to appear as a grand or petit juror, without having a reasonable excuse, shall be considered as guilty of a contempt, and shall be fined by the courts, respectively, in any sum not less than $5 nor more than $100, for the use of the proper county, unless good cause be shown for such default; and it shall be the duty of the court to enter an order of attachment, returnable forthwith, against all such delinquents, and upon the return thereof the court shall proceed to assess the fine unless the person or persons so attached shall show good cause for such delinquency: Provided, that the oath or affirmation of any such delinquent shall, at all times, be received as competent evidence.

Amended by P.A. 83-346, § 25, eff. Sept. 14, 1983.

## IMPANELING THE GRAND JURY

**16.    Full panel**

§ 16.    A full panel of the grand jury shall consist of sixteen persons, twelve of whom shall be sufficient to constitute a grand jury.

Amended by P.A. 85-690, § 2, eff. Jan. 1, 1988.

**17.    Foreman—Powers and duties**

§ 17.    After the grand jury is impaneled, it shall be the duty of the court to appoint a foreman, who shall have power to swear or affirm witnesses to testify before them, and whose duty it shall be, when the grand jury, or any nine of them, find a bill of indictment to be supported by good and sufficient evidence, to indorse thereon "A true bill;" where they do not find a bill to be supported by sufficient evidence, to indorse thereon "Not a true bill;" and shall, in either case, sign his name as foreman, at the foot of said endorsement, and shall also, in each case in which a true bill shall be returned into court as aforesaid, note thereon the name or names of the witness or witnesses upon whose evidence the same shall have been found.

Amended by P.A. 85-690, § 2, eff. Jan. 1, 1988.

**18.    Oath of foreman and jurors**

§ 18.    Before the grand jury shall enter upon the discharge of their duties, the following oath shall be administered to the foreman, to-wit:

"You, as foreman of this inquest, do solemnly swear (or affirm, as the case may be), that you will diligently inquire into and true presentment make of all such matters and things as shall be given you in charge, or shall otherwise come to your knowledge, touching the present service; you shall present no person through malice, hatred or ill-will; nor shall you leave any unpresented through fear,

9 grand jurors concur that the evidence before them constitutes probable cause that a person has committed an offense, the State's Attorney shall prepare a Bill of Indictment charging that person with such offense. The foreman shall sign each Bill of Indictment which shall be returned in court.

When the evidence presented to the Grand Jury does not warrant the return of a Bill of Indictment, the State's Attorney may prepare a written memorandum to such effect, called, "No Bill".

Laws 1963, p. 2836, § 112–4, eff. Jan. 1, 1964. Amended by P.A. 79–670, § 1, eff. Oct. 1, 1975; P.A. 81–1089, § 1, eff. Jan. 1, 1980; P.A. 85–690, § 1, eff. Jan. 1, 1988.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112–4.

### 5/112–4.1.   Right to counsel

§ 112–4.1.   Any person appearing before the grand jury shall have the right to be accompanied by counsel who shall advise him of his rights but shall not participate in any other manner.

Laws 1963, p. 2836, § 112–4.1, added by P.A. 81–1112, § 1, eff. Jan. 1, 1980.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112–4.1.

### 5/112–5.   Duties of others

§ 112–5.   Duties of others.  (a) The clerk of the court shall keep such records of Bills of Indictments and No Bills as may be prescribed by Rule of the Supreme Court.

(b) The court may appoint an investigator or investigators on a petition showing good cause for same and signed by the foreman and 8 other grand jurors. The duties and tenure of appointment of such investigator or investigators shall be determined by the court.

Laws 1963, p. 2836, § 112–5, eff. Jan. 1, 1964. Amended by P.A. 85–690, § 1, eff. Jan. 1, 1988.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112–5.

### 5/112–6.   Secrecy of proceedings

§ 112–6.   Secrecy of proceedings.  (a) Only the State's Attorney, his reporter and any other person authorized by the court or by law may attend the sessions of the Grand Jury.  Only the grand jurors shall be present during the deliberations and vote of the Grand Jury.  If no reporter is assigned by the State's Attorney to attend the sessions of the Grand Jury, the court shall appoint such reporter.

(b) Matters other than the deliberations and vote of any grand juror shall not be disclosed by the State's Attorney, except as otherwise provided for in subsection (c).  The court may direct that a Bill of Indictment be kept secret until the defendant is in custody or has given bail and in either event the clerk shall seal the Bill of Indictment and no person shall disclose the finding of the Bill of Indictment except when necessary for the issuance and execution of a warrant.

(c)(1)  Disclosure otherwise prohibited by this Section of matters occurring before the Grand Jury, other than its deliberations and the vote of any grand juror, may be made to:

a.  a State's Attorney for use in the performance of such State's Attorney's duty; and

b.  such government personnel as are deemed necessary by the State's Attorney in the performance of such State's Attorney's duty to enforce State criminal law.

(2) Any person to whom matters are disclosed under paragraph (1) of this subsection (c) shall not use the Grand Jury material for any purpose other than assisting the State's Attorney in the performance of such State's Attorney's duty to enforce State criminal law.  The State's Attorney shall promptly provide the court, before which was impaneled the Grand Jury whose material has been disclosed, with the names of the persons to whom such disclosure has been made.

(3)  Disclosure otherwise prohibited by this Section of matters occurring before the Grand Jury may also be made when the court, preliminary to or in connection with a judicial proceeding, directs such in the interests of justice or when a law so directs.

(d)   Any grand juror or officer of the court who discloses, other than to his attorney, matters occurring before the Grand Jury other than in accordance with the provisions of this subsection or Section 112–7 shall be punished as a contempt of court, subject to proceedings in accordance to law.

Laws 1963, p. 2836, § 112–6, eff. Jan. 1, 1963. Amended by Laws 1965, p. 3201, § 1, eff. Aug. 20, 1965; P.A. 79–669, § 1, eff. Oct. 1, 1975; P.A. 79–670, § 1, eff. Oct. 1, 1975; P.A. 79–1454, § 17, eff. Aug. 31, 1976; P.A. 85–690, § 1, eff. Jan. 1, 1988.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112–6.

### 5/112–7.   Transcript

§ 112–7.   A transcript shall be made of all questions asked of and answers given by witnesses before the grand jury.

Laws 1963, p. 2836, § 112–7, added by P.A. 79–669, § 1, eff. Oct. 1, 1975.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112–7.

### 5/112–8.   Destroyed instrument

§ 112–8.   Destroyed instrument.  When an instrument that is the subject of an indictment has been destroyed or withheld by the act or procurement of the defendant, and the fact of the destruction or withholding is alleged in the indictment and established on trial, the accused shall not be acquitted on account of any misdescription of the instrument so withheld or destroyed.

Laws 1963, p. 2836, § 112–8, added by P.A. 89–234, Art. 5, § 5–20, eff. Jan. 1, 1996.

## ARTICLE 112A.   DOMESTIC VIOLENCE: ORDER OF PROTECTION

### Date Effective

*Article 112A was added by P.A. 84–1305, Art. IV, § 402, eff. Aug. 21, 1986.*

### 5/112A–1.   Construction

§ 112A–1.   Construction.  This Article shall be interpreted in accordance with the purposes and rules of construction set forth in Section 102 of the Illinois Domestic Violence Act of 1986.[1]  Each of the provisions of the Illinois Domestic Violence Act of 1986[2] which are included in this Article shall govern the issuance, recording and enforcement of orders of protection in criminal proceedings.

Laws 1963, p. 2836, § 112A–1, added by P.A. 84–1305, Art. IV, § 402, eff. Aug. 21, 1986.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112A–1.

EXHIBIT C

```
1   STATE OF ILLINOIS    )
                         )    SS
2   COUNTY OF C O O K    )
```

```
3        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
              COUNTY DEPARTMENT-SIXTH DISTRICT
```

```
4
    THE PEOPLE OF THE       )
5   STATE OF ILLINOIS,      )
              Plaintiff,    )
6   versus                  )    No.  96-CR-15298-01
                            )    Charge:  Agg. Criminal Sex.
7                           )              Assault
    JAVIER BAILEY,          )
8             Defendant.    )
```

```
9
```

```
10           REPORT OF PROCEEDINGS had at the hearing

11   of the above-entitled cause, before the Honorable EDWIN

12   GAUSSELIN, one of the Judges of said Division, on the 23rd

13   day of January, A. D., 2001.
```

```
14           PRESENT:
```

```
15
```

```
16           HON. RICHARD A. DEVINE,
                 State's Attorney of Cook County, by:
             MS. MARY JO MURTAUGH,
17               Assistant State's Attorney,
                 for the People of the State of
18               Illinois;
```

```
19           MS. RITA FRY,
                 Public Defender of Cook County, by:
20           MR. LOUIS CAPRIO,
                 Assistant Public Defender,
21               for the Defendant.
```

```
22   Sharon Washington-Winn, CSR
     Official Court Reporter
23   # 084-001203
     Markham, Illinois  60426
24
```

1          THE CLERK:  Javier Bailey, in custody, sheet three

2    and four.

3          MR. CAPRIO:  Louis Caprio, Assistant Public Defender

4    on behalf of Mr. Bailey.  We are still in discovery, Judge.

5    I believe, this is the second time it has been on your call.

6    Although, all I have gotten so far, it looks like there is a

7    copy of the charge and I think the plea.

8          THE COURT:  This is an indicted case?

9          MS. MURTAUGH:  He has four cases before you,

10   correct.  There are four.  As to case number 00-CR-28590,

11   aggravated criminal sexual assault, I will tender a copy of

12   the case report consisting of four pages, a crime scene log

13   one page, random information and State's Attorney one page

14   handwritten statement six pages, arrest card and photo,

15   Illinois State Police evidence receipt form, Defendant's B.

16   of I., and Grand Jury transcript.   And as to case number

17   00-CR- 28590 the State will tender to counsel this morning,

18   Illinois State lab consisting of two pages, police report of

19   a three page supplemental report, two pages, Illinois State

20   Police evidence release form, a lineup report, Miranda form

21   from Calumet City Police Department, the statement of the

22   Defendant's handwritten, seven pages, arrest card, photo,

23   Defendant's B. of I.  And Grand Jury transcript.

24         MR. CAPRIO:  With respect to 28590, that is correct.

B3

1          MS. MURTAUGH:  With respect to the case, counsel has

2    just been tendered a lab indicating semen was found based on

3    that.   The State seeks leave to file a motion for taking of

4    sample of blood, hair, and saliva on this case number

5    indicated as 28590, an order has been tendered to counsel

6    this morning.   And under Supreme Court Rules we have filed

7    the motion and ask that you sign the order for taking of

8    such.

9          MR. CAPRIO:  I don't know what good an objection

10   would do.

11         THE COURT:  The motion is granted.

12         MR. CAPRIO:  Okay.  Do we have discovery?

13         MS. MURTAUGH:  At this time, there is no discovery

14   available for residential burglary and possession of stolen

15   motor vehicle.

16         MR. CAPRIO:  So, we still need discovery, your Honor.

17   That would be on 28586, 28587.  We will need another date and

18   we will go by agreement, your Honor.

19         THE COURT:  March the 20th.

20         MR. CAPRIO:  Whatever you decide is fine.

21         THE COURT:  By agreement 3-20.

22         MR. CAPRIO:  Yes, that is fine.

23         THE COURT:  As to all matters?

24         MR. CAPRIO:  Yes.

1          THE COURT:   Okay, Mr. Bailey.   I will see you then.

2                   (Said case was continued to March 20, 2001, at

3                   9:00 a.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1  STATE OF ILLINOIS  )
                       )   SS
2  COUNTY OF C O O K  )

3

4

5

6                I, Sharon Washington-Winn, Official Court

7  Reporter of the Circuit Court of Cook County, County

8  Department, do hereby certify that I reported in shorthand

9  the evidence had in the above-entitled cause and that the

10 foregoing is a true and correct transcript of all the

11 evidence heard.

12

13

14

15

16       _____

17       Official Court Reporter  #084-001203
         Circuit Court of Cook County
18       County Department

19

20

21

22

23 Dated this 15th day of

24 December, A.D., 2005.

                        B6

1    STATE OF ILLINOIS    )
                          )    SS:
2    COUNTY OF COOK       )

3         IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                  COUNTY DEPARTMENT-SIXTH DISTRICT
4
     THE PEOPLE OF THE STATE         )
5    OF ILLINOIS                     )
                                     )
6             Plaintiff,             )
                                     )
7        VS.                         ) No. 00 CR 28590
                                     )
8    JAVIER BAILEY,                  )
                                     )
9             Defendant.             )

10

11            REPORT OF PROCEEDINGS had in the

12   above-entitled cause on the 10th day of June, 2004,

13   A.D., before the HONORABLE JUDGE EDWIN A. GAUSSELIN.

14

15            HON. RICHARD DEVINE,
              COOK COUNTY STATE'S ATTORNEY, by:
16            MR. PAUL QUINN,
              Assistant State's Attorney,
17                on behalf of the People;

18            HON. EDWIN A. BURNETTE,
              COOK COUNTY PUBLIC DEFENDER, by:
19            MR. RODNEY CARR,
              Assistant Public Defender,
20                on behalf of Defendant.

21

22
     MS. KAREN HOLMAN
23   OFFICIAL COURT REPORTER
     SIXTH DISTRICT-MARKHAM, ILLINOIS
24   708-210-4410

                        W1

1          THE CLERK:  Javier Bailey.  In custody.

2          RIGHT1:  Good morning, your Honor.

3          THE COURT:  Good morning.

4          MR. CARR:  Rodney Carr, assistant public

5     defender, on behalf of Mr. Javier Bailey.

6               This matter was recently assigned to me in

7     the last week and a half.  I will try to get up to

8     speed and make sure I have all the discovery.

9          MR. QUINN:  The discovery was in the care of Lou

10    Caprio, also of the Public Defender's Office.

11         THE COURT:  Have you been in touch with him?

12         MR. CARR:  Well, Mr. Caprio, I believe, retired.

13    So I have not been in touch with him.

14              The case was given to me by Mr. -- I have a

15    number of files.  I am going through them in the last

16    week trying to make sure everything that should be

17    there is there.

18              I am asking for a date to go through

19    discovery and map things out.  I would suggest the

20    23rd or 28th of January, if those dates are

21    available.

22         THE COURT:  Sure.  By agreement January 28th.

23         MR. QUINN:  Your Honor, I would ask that it go

24    motion defendant.  The state did answer ready for

1        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
              SIXTH DISTRICT-MARKHAM, ILLINOIS

2

3       I, KAREN HOLMAN, an Official Court Reporter for

4   the Circuit Court of Cook County, Sixth

5   District-Markham, Illinois do hereby certify that I

6   reported in shorthand the proceedings had at the

7   hearing in the above-entitled cause; that I

8   thereafter caused the foregoing to be transcribed

9   into typewriting, which I hereby certify to be a true

10  and accurate transcript of the proceedings had before

11  the Honorable EDWIN A. GAUSSELIN, Judge of said

12  court.

13

14

15

16                                        OFFICIAL COURT REPORTER

17                                      084-002581

18

19

20

21

22

23

24  Dated this 6th day
      of April 2006.

W5





**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION**
of the
**SUPREME COURT OF ILLINOIS**

One Prudential Plaza
130 East Randolph Drive
Chicago 60601-6219
(312) 565-2600 (800) 826-8625
Fax (312) 565-2320

Hilton Offices
700 East Adams Street
Springfield 62701-1625
(217) 522-6838 (800) 252-8048
Fax (217) 522-2417

Javier P. Bailey
20000088962 Div 9 3-C
P. O. Box 089002
Chicago, IL  60608

Chicago
February 4, 2002

Re:    Louis Caprio
in relation to
Javier P. Bailey
No.    02 CI 465

Dear Mr. Bailey:

We have received your letter of complaint regarding Louis Caprio.

Initially, as you may know, the duties of this Commission relate solely to investigating and prosecuting allegations of professional misconduct against lawyers.  When we have enough evidence of wrongful conduct by an attorney, we may try to cause the lawyer to be disbarred or suspended from the practice of law.  This process may take a year or more to be concluded.  We cannot assist you in your efforts to have another lawyer appointed to represent you and cannot otherwise intervene in your case in any way.

We will request information from Mr. Caprio related to some of the matters you have raised.  We will then determine whether further action by this office is warranted.  We will contact you if we require additional information from you and will advise you of any decision we reach in the matter.

Thank you for your cooperation.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:cd
Enclosure
::ODMA\PCDOCS\MAINLIB\89475\1



**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION**
of the
**SUPREME COURT OF ILLINOIS**

One Prudential Plaza
130 East Randolph Drive
Chicago 60601-6219
(312) 565-2600 (800) 826-8625
Fax (312) 565-2320

Hilton Offices
700 East Adams Street
Springfield 62701-1625
(217) 522-6838 (800) 252-8048
Fax (217) 522-2417

Javier P. Bailey
20000088962 Div 9 3-C
P. O. Box 089002
Chicago, IL  60608          \

Chicago
March 21, 2002

Re:    Louis Caprio
       in relation to
       Javier P. Bailey
       No.    02 CI 465

Dear Mr. Bailey:

We have concluded our inquiry in the above matter and have determined that there is not a sufficient basis for further action by this Commission at this time.

Mr. Caprio has advised us that he has spoken to you several times.  Although we understand that you would like more contact with the lawyer, you have provided no information indicating that he has failed to advise you of any material developments in your case.  Mr. Caprio also stated that he has allowed you to see any document you wished to view.  He is not required to provide you with your own photocopies of documents related to the case.  The attorney also explained that he did not make a trial demand in December because he was waiting for laboratory results, and that he did not make any intentional misrepresentations regarding your living situation.

Based on the information in our possession, we have determined that there is not a sufficient basis for this agency to pursue charges of professional misconduct against Mr. Caprio at this time.  Again, we note that any allegations of ineffective assistance of counsel are appropriately addressed and resolved in court before any consideration by this office. If, in the future, any court finds that the attorney failed to represent you effectively, please send us a copy of the court's decision. At that time, we will determine whether further action by this office may be warranted. Until such time, we will take no further action in the matter.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:cd
::ODMA\PCDOCS\MAINLIB\92944\1



Law Office of the
COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 16TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

Edwin A. Burnette • Public Defender


October 12, 2007


Mr. Javier Bailey
Reg. # K52482
Lawrence Correctional Center
Rural Route 2
Box 31
Sumner, IL 62466

RE: Your Post Conviction

Dear Mr. Bailey:

I did not hang up on you. The connection went bad and I could no longer hear you so I hung up expecting you to call back. However, in the interim I received a phone call so I was apparently on the telephone when you called back.

I did speak to your trial attorney, Rodney Carr. He is an experienced trial attorney and he said that like preliminary hearing transcripts, our trial attorneys normally give our clients copies of the grand jury transcripts. So, I am enclosing copies of the transcripts of the testimony before the grand jury in your case.

Again, you have advised me you do not want to withdraw your motion. Therefore, on October 26th I will advise the court that I have reviewed your motion but cannot argue it because I have not been able to find any law that substantiates your claim. If you so desire, I will file a notice of appeal on your behalf if the court declines to grant your motion.

Yours truly,

Elyse Krug Miller
Assistant Public Defender

Enclosure: transcripts of grand jury proceedings

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A.) Issue a conclusive and declatory judgement, that the conduct, practice, and continos violations described in this complaint, violate United States and Illinois State Constitutions. B.) Award punitive, compensatory, emotional and mental damages, against the defendants, responsible, in their official and un-official capacity, individually and collectively from the Public Defenders Office of the State of Illinois, to the Plaintife, in an amount to be determined, according to proof. C.) Grant any additional relief the court deems just and proper.

**VI.**    The plaintiff demands that the case be tried by a jury.    ☑ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___07___ day of __May__ , 20 _08_

_____
(Signature of plaintiff or plaintiffs)

JAVIER BAILEY
(Print name)

K-52482
(I.D. Number)

R.R.#2 P.O.Box 31

Sumner Il. 62466

_____
(Address)

6