IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAVIER P. BAILEY #K52482,       )
                                )
            Plaintiff,          )
                                )
      v.                        )   No.  08 C 2894
                                )
RITA A. FRY, et al.,            )
                                )
            Defendants.         )

MEMORANDUM ORDER

Javier Bailey ("Bailey") has filed a pro se 42 U.S.C. §1983 ("Section 1983") Complaint against former Cook County Public Defender Rita Fry and no fewer than eight Assistant Public Defenders, charging that they violated his constitutional right to receive the effective assistance of counsel in his state court criminal case. Bailey has accompanied his Complaint with an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), all three documents (1) having been submitted on forms supplied to prisoners by this District Court's Clerk's Office and (2) having been completed by Bailey with handprinted inserts.

This Court has conducted the preliminary screening called for by 28 U.S.C. §1915A(a).[1]  That review mandates a swift dismissal of the Complaint and this action, thus calling for denial of the Motion on mootness grounds.  As for the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Application, something more may remain for consideration, as explained later in this order.

Bailey has been a regular visitor to this District Court. He lists six prior lawsuits in the Complaint, two of which he characterizes as having resulted in "strikes"--an obvious reference to cases countable under Section 1915(g). If he has understated that number, the existence of three or more strikes before he brought this action would be an independent ground for rejecting the Application at the outset, as contrasted with this Court's entry of an order under Section 1915(b)(1) that would grant the Application to the extent that Bailey need not pay the entire $350 filing fee <u>in advance</u>, even though he would be liable to pay that fee on an installment basis. Hence this Court has requested further input from this District Court's staff attorneys who deal with prisoners' pro se actions, so that it holds in abeyance any ruling on the Application.

But to turn to Bailey's claim on the merits, he has ignored totally the basic principle that was announced by the Supreme Court more than a quarter century ago in <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981) and that has been reconfirmed and applied in a host of cases since then: Public defenders are <u>not</u> state actors who are suable under Section 1983. Given the long-settled state of the law in that respect, this current action is plainly frivolous in the legal sense--or short of that, it would be an

understatement to say that the Complaint fails to state a claim upon which relief may be granted. That in turn subjects Bailey to another strike under Section 1915(g), so that based on his own input the filing fee for any <u>future</u> lawsuit he may bring must be prepaid in full. Meanwhile, as stated earlier, both the Complaint and this action are dismissed with prejudice as to Bailey's Section 1983 claim,[2] and the Motion is denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 21, 2008

---

[2] Bailey also refers to "state claims" as to which this Court assertedly has supplemental jurisdiction (see Section 1367(a)). Any such claims are dismissed without prejudice.

3