FILED
6-10-08
JUN 10 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In The United States District Court For
The Northern District of Illinois

Javier Bailey #K52482 | Case No. 08-CV-2894
Plaintiff,
Vs. | Milton I. Shadur Senior
| United States District Court
Defendants, | Judge Presiding
Rita Fry, et al.,

Notice of Motion

To: The Clerk of the
United States District Court
219 S. Dearborn Street
Chicago Il. 60604

Please take notice that on 04 June 2008 the Plaintiff, Javier Bailey, pro se, has caused to file with the Clerk of the United States District Court through the U.S. Postal Service a Motion for Relief From Judgement or Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Date: 04 June 2008

Javier Bailey #K52482
R.R.#2 P.O. Box 31
Sumner Il. 62466

FILED
JUN 1 0 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In The United States District Court
For The Northern District of Illinois

Javier Bailey # K52482,
  Plaintiff,

vs.

Defendants,

Rita Fry, et al.,

Case No. 08-CV-2894

Milton I. Shadur, Senior
United States District Court,
Judge Presiding.

## Motion For Relief From Judgement or Order

Now Comes the Plaintiff, Javier Bailey, pro se in the above entitled cause, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and respectfully moves this Honorable Court to grant this Motion For Relief From Judgement or Order. This petition is proper in nature and in substance in requesting the final Judgement against the above cited case to be set aside, in so seeking relief through this Honorable Court where the grounds of this request have been drawn by and through "inadvertence", by way of legal disability, which, when taken in its totality will show an "excusable neglect". The Plaintiff humbly and respectfully asks this Honorable Court to review this motion in its entirety, where the Plaintiff states in fact, the following:

②

1. On 19 May 2008, the Plaintiff, Javier Bailey, brought a 42 U.S.C. Section 1983 Complaint, No. 08-CV-2894, before the Honorable United States District Court, where the Honorable Senior United States District Court Judge, Milton I. Shadur, was presiding to hear such Complaint.

2. Under pressure of presenting his Complaint in a "timely fashion", or within proper time limits, the Plaintiff had obtained new evidence in October 2007 to support his claims for both State and Federal Courts, and unaware of what time frame he was allowed to work in, needed to prepare and submit his claim as quickly and as proper as he knew how.

3. The Plaintiff contends that he was not able to avoid a dismissal and prejudice in his complaint because:
   A. Where the Plaintiff resides, the institution is a level 2 security institution, 23 and 1 - 5 days a week, and 24 and 0 - 2 days a week; he cannot frequent the Law Library beyond once a month to adequately and thoroughly study and prepare an actionable complaint. He is furthermore indigent, and cannot afford nor have access to legal books or references, or can communicate to others relevant information. (See Exhibit B)

③

B. The institution does not have a licensed or a legally approved Law Librarian (in accordance by the State of Illinois) to assist pro se litigants in any fashion.

C. The institutional Law Library has one assigned inmate assistant designated to assist 20 inmates per 1 1/2 hour session, who knows absolutely nothing of the Fed. Rules of Civ. Pro., nor knows how to assist individuals seeking such civil information.

D. Because the institution is quite aware of its inconsistencies and knowingly avoids fixing the problem that impairs the inmate effective communications with the courts — this action disables his legal research, disables him to prepare legal rebuttals to and fro the court, and disables his ability to receive assistance, effectively, and this action is intentional and subsequently the Law Library becomes a legal disability against the Plaintiff.

(✱) The Plaintiff was not aware that Public Defenders are not State Actors; and had the Plaintiff been aware of this fact, before his submission, he would not have submitted this frivolous complaint. It would be "compound folly" for the Plaintiff to know that he is on strike two — had been able to thoroughly study and acquire Polk County Vs. Dodson — and then submit an action that would be ~~~~~~~ inherently dismissed with prejudice without being remotely looked at, obtain a final and 3rd strike, receive a frivolous judgement, be charged $350 (that he does not have nor will have in the next ten years), get time taken away, and possible receive time in segregation to boot.... This is not at all the intentions of the Plaintiff, nor is it his intention to



WASTE THE TIME AND PATIENCE OF THE COURT, OR FURTHERMORE TO HARRASS ANY INDIVIDUAL FOR THE SAKE OF BEING A NUISANCE.

4. THE PLAINTIFF CONTENDS THAT HE IS NOT AN ATTORNEY IN ANY WAY (NOT EVEN A GOOD JAILHOUSE LAWYER), AND THAT HIS COMPLAINT, (THAT OBVIOUSLY DEMONSTRATES NEGLIGENCE), SHOULD NOT BE AT FAULT AGAINST THE PLAINTIFF, PER SE, IN AS MUCH AS THE INADVERTENCE DERIVED BY AND THROUGH THE FALLIBLE NEGLECT OF THIS INSTITUTIONS INTENTIONAL DENIAL TO PROVIDE THE BASIC LAW LIBRARIAN OR THE INMATE STAFF TO SUPPORT AND HELP STATE AND FEDERAL PRO SE LITIGANTS SEEKING LEGAL ASSISTANCE WHETHER STATE OR FEDERAL.

5. THE PLAINTIFF HAS WRITTEN TO, AND PHONED OVER, 40 LEGAL ORGANIZATIONS WITHIN THE STATE OF ILLINOIS, WITH LITTLE, TO NO RESPONSE. (THE PLAINTIFF HAD PLANNED ON PROVIDING PROOF OF THESE MAILINGS TO THIS HONORABLE COURT, BETWEEN OCTOBER 2007 TO DATE, BUT THE ADMINISTRATION OF THIS INSTITUTION CLAIMS IT DOES NOT KEEP ANY SUCH RECORDS OF LEGAL MAIL GOING OUT FROM THIS INSTITUTION (SEE EXHIBIT A)).

6. AND, EVEN IF THE PLAINTIFF DID OBTAIN AN ATTORNEY THROUGH HIS CORRESPONDENCE, IT IS "HIGHLY LIKELY" THAT HIS CORRESPONDENCE WOULD HAVE BEEN VIOLATED, AS THE PLAINTIFF HAS ALSO HAD TO

⑤

endure the misconduct of the staff of the institution who has denied the privacy of his legal mail, where this institution has opened, gone through, took out, and lost pertinent legal mail that should have never been opened outside of his presence, which is a blatant violation of his 1st and 14th Amendment Rights of the United States Constitution. There may have been Attorneys actually wanting to represent the Plaintiff; but that, specific correspondence has been intercepted. It has deprived the Plaintiff of obtaining legal assistance, accurately concurring with an Attorney, and being able to communicate with an Attorney in confidence. The Plaintiff cannot affirmatively state if his legal communication is actually coming in or actually being received to the addressee from the Plaintiff.

7. If the Plaintiff were an Attorney, or could say he had adequate assistance from his institutional Law Library; or could afford (monetarily) legal books, references, or supplies; or was not deprived of his rights to communicate in confidence with his potential Attorney; or could prepare his complaint in a competent manner; or do all of the above, plus do those activities in a timely fashion — Then, to be adjudged dismissed with prejudice would be appropriate and final — But because the above is not by fault of the Plaintiff directly, then the Plaintiff contends that his complaint should not have been dismissed with prejudice (even though the Plaintiff is not a stranger to the District Court).

The Judgement should be set aside, and the Complaint reassigned for further review, because the negligence was not on his part, but through the inadvertence of his legal disability, by way of an excusable neglect; in compliance with Rule 60(b) of the Fed. Rules of Civil Pro..

8. The Plaintiff contends that although his complaint was dismissed with "prejudice" because Public Defenders are not "State Actors", that the merits, beyond the prejudice and incompetence of the Plaintiff, do hold credible constitutional weight towards the [individuals] who plainly violated his constitutional rights to be represented "effectively", and that this contention by the Plaintiff which was included within his complaint against the [individuals] do support a claim "actionable" under 42 U.S.C. Section 1983.

9. The Plaintiff humbly requests this Honorable Court to set aside it's decision against Complaint No. 08-CV-2894 (which inadvertently effects Complaint Nos. 08-CV-2914 and 08-CV-2915) and that it grant Relief from Judgement or Order because of the Plaintiffs inadvertence to his legal disability which amounts to an Excusable Neglect, and that the Court please allow more leniency to this pro se Complaint the Plaintiff has

(7)

SUBMITTED IN GOOD FAITH, AND BE ALLOWED TO AMEND THIS Complaint and Action; to, re-present it properly before this Honorable Court, via a Statement of Deficiencies or by mercifully Granting Plaintiff's Motion for Appointment of Counsel so that this cause of Action (or any other) delays the Court in no way.

10. The Plaintiff furthermore asks the Court to be sympathetic to this pleading which is applicable to pro se litigants under <u>Haines Vs. Kerner</u> 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

(8)

## In Conclusion

In light of the circumstances surrounding the totality of the Plaintiff's miasma, being a resident of Lawrence C.C., he humbly and respectfully implores the Honorable United States District Court to reconsider it's final decision made against Complaint No. 08-CV-2894 and set aside it's judgement thereto. The facts set within this motion are both unequivocal and undeniable. The Plaintiff has done all that he knows possible to bring his complaint properly, effectively, and in a timely fashion. Unfortunately the Plaintiff is not an Attorney, and does not have the funds to supply himself with legal books or information, nor is he able to frequent a Law Library sufficient enough to provide updated information and be able to seek competent assistance to prompt a Section 1983 complaint suitable for the United States District Court, nor is his place of residency going to respect legal communications going to or from the Plaintiff. Surely this motion demonstrates an "excusable neglect," not of any fault caused by the Plaintiff per se, but through the inadvertence of the legal disability imposed, which is intentionally caused by the institution in which the Plaintiff is a resident of. He clearly understands that his surrounding miasma is legally overwhelming, but, he asks that the United States District Court allow his complaint to be amended by effective assistance of counsel. The Plaintiff would be grateful if this Honorable United States District Court grant this motion for Relief from Judgement

(9)

or Order and set aside its decree. The Plaintiff has other important issues that he needs the District Court to ever hear; being a violation of opening legal mail and losing the contents thereof outside of the presence of the Plaintiff, being physically assaulted by Officers, being penalized without a fair hearing, prosecutorial misconduct, and a 48 hour presentment rule violation... By this Courts mercy and leniency, and allowance to amend his complaint, the Plaintiff strongly contends that his complaint will be suitable and effective before this Honorable United States District Court, and that this request is all that the Plaintiff humbly asks.

DATE: 04 June 2008                                   Javean Bailey

In The United States District Court for
The Northern District of Illinois

Javier Bailey #K52482,
Plaintiff,

vs.

Defendants,

Rita Fry, et al.,

Case No. 08-CV-2894,

Milton I. Shadur Senior
United States District Court
Judge Presiding.

Proof of Service

To: The Clerk of the
United States District Court
219 S. Dearborn Street
Chicago Il. 60604

Certificate of Service

I, Javier Bailey, the undersigned, being sworn upon oath, deposes and states, that I have sent the aforementioned Court a true and correct copy of the Motion for Relief from Judgement or Order to the Prisoner Correspondence address, by placing this motion in the Lawrence C.C. Library Mailbox.

Date: 04 June 2008

Javier Bailey #K52482
R.R. #2 P.O. Box 31
Sumner Il. 62466

EXHIBIT A

Illinois Department of Corrections
**RESIDENT REQUEST**
LAWRENCE CORRECTIONAL CENTER

| RESIDENT NAME | RESIDENT NUMBER | CELL HOUSE | GALLERY | CELL |
|---|---|---|---|---|
| BAILEY | K52482 | R2 | CU | 24 |

| DATE | ASSIGNMENT | SHIFT | DAYS OFF |
|---|---|---|---|
| 11 May 2008 | Unassigned | | |

Addressed to: Mail Room

Reason for interview must be complete and concise:

Legal Mail sent out by me for the U.S. District Courts Review. The are Asking to produce a copy, and I know this Institution Mail Room can Help me Provide that information for the Court – Thank you.

To Discuss: Can you send a copy of all

Resident's Signature: Bailey

DO NOT WRITE BELOW THIS LINE - OFFICE USE ONLY

Remarks by Staff: us dont lay out any...
[illegible handwritten response]

Staff Signature: [illegible]
Date of Response: [illegible]

LAW 0727 (Eff. 04/2006)

Date: 5/22/2008  
Time: 10:11am  
d_list_inmate_trans_statement_composite  

**Lawrence Correctional Center**  
**Trust Fund**  
Inmate Transaction Statement - K52482  

Page 1

REPORT CRITERIA - Date: 04/01/2008 thru End;   Inmate: All ;   Active Status Only ? : Yes;   Print Restrictions ? : Yes;   Transaction Type: All Transaction Types;   Print if no transactions found? : No;   Print Order: Inmate Number;   Print Furloughs / Restitutions ? : Yes;   Include Inmate Totals ? : Yes;   Print Balance Errors Only ? : No

**Inmate: K52482 Bailey, Javier**          **Housing Unit: LAW-R2-CU-24**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  | Beginning Balance: |  | 6.11 |
| 04/15/08 | Payroll | 20 Payroll Adjustment | 106134 |  | P/R month of 03/2008 | 2.04 | 8.15 |
| 04/16/08 | Point of Sale | 60 Commissary | 107728 | 231652 | Commissary | -7.36 | .79 |
| 04/17/08 | Disbursements | 80 Postage | 108334 | Chk #21176 | 505135, DOC: 523 Fund Inmate R, Inv. Date: 03/25/2008 | -.41 | .38 |
| 04/17/08 | Disbursements | 84 Library | 108334 | Chk #21177 | 505079, DOC: 523 Fund Library, Inv. Date: 03/17/2008 | -.10 | .28 |
| 05/12/08 | Payroll | 20 Payroll Adjustment | 133134 |  | P/R month of 04/2008 | 5.72 | 6.00 |
| 05/15/08 | Mail Room | 09 Miscellaneous Receipts | 136221 | 11834 | Cibf, Greivance Reimb. | .41 | 6.41 |
| 05/19/08 | Disbursements | 81 Legal Postage | 140334 | Chk #21568 | 505571, DOC: 523 Fund Inmate R, Inv. Date: 05/15/2008 | -1.68 | 4.73 |

|  |  |
|---:|---:|
| Total Inmate Funds: | 4.73 |
| Less Funds Held For Orders: | .00 |
| Less Funds Restricted: | 88.10 |
| Funds Available: | -83.37 |
| Total Furloughs: | .00 |
| Total Voluntary Restitutions: | .00 |

**RESTRICTIONS**

| Invoice Date | Invoice Number | Type | Description | Vendor | Amount |
|---|---|---|---|---|---|
| 05/15/2008 | 059388 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $7.75 |
| 05/15/2008 | 059388 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $5.95 |
| 05/15/2008 | 059388 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $5.05 |
| 05/15/2008 | 059388 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $5.05 |
| 05/15/2008 | 059388 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $8.65 |
| 05/19/2008 | 505623 | Disb | Library - Copies | 2 DOC: 523 Fund Library | $55.65 |
|  |  |  |  | **Total Restrictions:** | **$88.10** |